MUNICIPALITY OF FAJARDO ET AL., PLAINTIFFS AND APPELLEES,
*v.* AXTMAYER ET AL., DEFENDANTS AND APPELLANTS.

## APPEAL from the First District Court of San Juan in an Action of Debt.

No. 2725.—Decided May 11, 1923.

PUBLIC WORKS—CONTRACTOR—SURETY—MATERIALMEN—PLEADING—MISJOINDER OF PARTIES.—A building contractor entered into a contract with the Commissioner of the Interior for the construction of a building for a municipality of the Island and to secure its faithful performance the contractor and two sureties gave a bond wherein it was stipulated, among other things, that the bond should remain in full force in case the principal should not pay the materialmen promptly for the materials furnished. One of these,

together with the municipality, brought an action on the bond against principal and sureties under the said clause. *Held:* 1st. That it was not sufficient to copy the bond into the complaint, for it was necessary to insert the contract also in order to inform the sureties of the nature of the obligation. 2nd. That there was a misjoinder of parties, because it was not shown what interest the municipality had in the action and if it had any cause of action it could not be joined with that of the materialman. 3rd. That there was no contractual relation between the materialman and the sureties, the former not being a party to the contract or to the bond.

The facts are stated in the opinion.

*Mr. J. S. Alegría* for the appellants.

*Mr. H. G. Molina* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

In a suit on a bond, to state a cause of action if not to give the court jurisdiction, it is absolutely necessary that the condition of the obligation be set up in some form in the complaint. In this case we do not find that this has been done, although there is an approach to this desideratum.

This is a case to recover against sureties where the court below rendered judgment against them. In the main body of the complaint there is a recital, in substance, that Henry Axtmayer signed a contract for building a public work; that to assure the faithful performance of the contract in all its parts and, among others, the punctual payment by the contractor (Henry Axtmayer) of all creditors furnishing supplies for the said public work, the said Henry Axtmayer and his sureties signed the contract. The bond is made part of the complaint and therein it is stated:

"The condition of the above obligation is such that whereas the said Henry Axtmayer has entered into a certain contract hereto attached with Guillermo Esteves, Commissioner of the Interior for the Island of Porto Rico. Now if the said Henry Axtmayer shall well and truly fulfill all the covenants and conditions of said contract and shall perform all the undertakings stipulated by him to be performed, and shall perform all the work and furnish all the labor and material required by, and any and all changes in, additions to, or omissions from, said contract, which may hereafter be made within the term specified for the completion or within the

term specified in any extension of time allowed for the completion of said contract, and shall promptly make payments to all persons supplying him labor or material in the prosecution of the work contemplated by said contract, then this obligation to be void, otherwise to remain in full force and virtue.''

The contract in question is not attached to the bond. The words approximating to the theory of this complaint are, ''And shall promptly make payments to all persons supplying him labor or material in the prosecution of the work contemplated by said contract.'' The ''work contemplated'' is not set forth in the body of the bond, nor is the contract itself transcribed for us. The alleged contract is supposed to be annexed to the bond, but neither the complaint not its exhibit, the bond, makes a copy of this essential condition of the bond. We know only by possible inferences or probabilities the nature of the principal obligation in this case. This is not a mere technical aspect of the case. By the transcribed bond, on which the complaint relies, the sureties are not advised of the nature of the obligation. Perhaps, if the Commissioner of the Interior or the Municipality of Fajardo, the named obligee, was the sole actor, there might be more to be said in favor of the complainants, but the theory on which this action is brought and tried and urged in this court is that a materialman, J. Ochoa & Hno., has a right to recover against the sureties in this case. Therefore, it is all the more evident that the said sureties should have been fully advised as to their supposed relation with a person who confessedly does not appear in the contract or in the bond, but who seeks to take advantage of the condition named in the bond.

The contract is copied into the stenographer's notes. It contains this clause:

''All expenses such as the purchase of materials, employment or labor, travel and other expenses entailed upon the Municipality of Fajardo or the Commissioner of the Interior; which, in the

opinion of the Commissioner of the Interior are reasonable and justifiable charges against this contract, shall be deducted from any money due or to become due the contractor, party of the third part.''

''Was any money withheld?'' the sureties might ask, and ''When does our obligation arise?'' This is only one of several clauses of the contract which the defendant sureties had a right to have before them when a breach of the contract is claimed. The demurrer to the complaint should have been sustained.

The appellees might perhaps now allege a diminution of the record, but this is something that should have been drawn to the attention of this court before the hearing.

Likewise, we think that there was an undue joinder of parties complainant or of causes of action, dependent upon the angle from which the case is viewed. If the obligee, the municipality of Fajardo, has a cause of action, then it is not the same cause of action that J. Ochoa & Hermano might have or has. The demurrer for an undue joinder of parties should have been sustained. The reason for making the municipality a party complainant will appear presently.

Coming now to the alleged fundamentals of the case as developed at the trial and the hearing, we cannot see that the Municipality of Fajardo has shown any cause of action. It had no contract with J. Ochoa & Hno. The latter furnished no supplies to the municipality. The alleged supplies of these materialmen were to Henry Axtmayer. The contract that Henry Axtmayer made was with the Commissioner of the Interior. It is a far cry to urge that if Henry Axtmayer did not pay J. Ochoa & Hno. might have recourse to the municipality.

Once the municipality is eliminated the case falls practically on all fours with *Uy Tam & Uy Yet v. Leonard*, 30

*Philippines,* 471, quoted with approval in an opinion by the Attorney General of Porto Rico, as follows:

"I have the honor to acknowledge receipt of your letter of August 19, 1919, treating of the claim of Messrs. Korber & Co. for materials furnished to Mr. Henry Axtmayer in his contract for the construction of a hospital for the Municipality of Fajardo. I have read the letter of the attorney of Korber & Co., in which he makes a formal request that you require the sureties on the contractor's bond to make payments for unpaid claims of materialmen.

"I am somewhat skeptical as to the right of the materialmen under the bond in question; but conceding that their claims are covered, it is doubtful whether the Commissioner of Interior rather than the Municipality of Fajardo should make the claim upon the sureties. The Commissioner of Interior is not a party to the bond.

"The identical case presented by Mr. Molina is thrashed out in the case of Uy Tam and Uy Yet vs. Leonard, 30 Philippines, 471, in a clear and exhausting opinion written by Mr. Justice Trent. Whether we agree with the opinion or not, we can say from the authorities quoted therein that there is a strong possibility of the Courts of Porto Rico following the conclusions of the Supreme Court of the Philippine Islands, as it rests upon a body of law more like that of this jurisdiction than any other within the jurisdiction of the United States. Briefly the facts in that case are as follows: Plaintiffs had furnished to contractors for the city of Manila crushed stone and received no payment therefor. The contractors had executed a bond in which appears a clause identical with that under which the claim is made in this case.

"It was attempted by the materialmen to have the city of Manila join with them in a suit against the sureties and the city having refused to do so, it was made a party defendant. The court held, with one dissenting vote, that although the materialmen before supplying stone to the contractor had expressed their acceptance of the clause alleged to be in their favor, by a writing transmitted to the city of Manila, nevertheless they were not covered by the bond. The clause in question was construed merely to be an understanding in favor of the city of Manila for any damages to said city which might arise from the failure to pay materialmen." Opinion of the Attorney General of Porto Rico of August

14, 1919, filed at the request of the Commissioner of the Interior of Porto Rico and in connection with these cases.

The appellee seeks to distinguish this Philippine case by saying that there the obligee refused to lend his consent to the demand against the sureties, but the essence of the decision does not depend on this consent. There was no privity of relation between the sureties and J. Ochoa & Hno. There is no provision of the Civil Code and no practice that has been drawn to our attention that would enable J. Ochoa & Hno. to substitute themselves for the obligee, the municipality.

As Mr. Justice Trent points out, section 1257 of the Civil Code, 1224 of our Code, presupposes that it was the intention of the parties to give a third person a right of action.

These considerations may account for the presence of the municipality in this case. It is attempting to aid the materialmen. But before the municipality would have a right to make the sureties respond, it must show some failure of an obligation which Henry Axtmayer owed the said municipality.

The contract of Axtmayer was with the Commissioner of Interior. The municipality sought by bond to make Axtmayer perform his obligation. Now it is not only a third person, but a fourth person who seeks to benefit by the bond. We see no justification for this extension of the obligation of a surety.

We have considered the fundamental questions in this case, but again we draw attention to counsel that no assignment of errors was filed, as required by Rule 42. With the crowded condition of our calendar, dismissals will be more frequent unless appellants comply with the rules.

The judgment must be reversed and the complaint dismissed.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.